Thank you, Mr. Corporate Coats. On behalf of Appellant, and actually Appellee Nacimiento Water Company, I don't know if the Court wishes me just to address my appeal of the summary judgment or make comments also in my capacity as an appellee at this point. Sir, would you make a point of using the microphone so we can hear you better? Yes, I will. Thank you. Go ahead and proceed with your main argument, and if you have time, you can discuss the other one. Well, I had actually reserved 15 minutes when I submitted this several months ago. After reading the briefs, there's only one point I would like to emphasize as to my appeal, and that is the statute in question 359.5. The last line of that code section, it establishes the statute of limitations defense, but in the last phrase, it actually states, unless the bond has been otherwise modified. And my position is that by IFIC entering into a tolling agreement prior to the expiration of the statute of limitations effectively modified the bond and created a waiver of the statutory defense of statute of limitations defense. So by modifying the bond with the execution of the tolling agreement, 359.5 therefore does not apply. And the reason this is important, and I don't know if I emphasized this enough in my brief, this tolling agreement was executed back in 2011. IFIC never said, oh, by the way, if you're not going to sue the Kings, we're not going to execute this tolling agreement. Or they never said at the time they executed the tolling agreement, if you're not going to sue the Kings, you better because we're going to raise this statutory defense. It's nowhere contained in the tolling agreement. It was nowhere contained in any correspondence. And in fact, all of the written communications, including discovery responses, after the fact, never raised this defense. It was almost serendipitous that apparently Mr. King's counsel discovered this statute, raised it, and then IFIC piggybacked on that argument, raising it also when for two years of litigation it had never raised this issue. And so that's my argument as to the granting of the motion for summary judgment. Let me ask you to go back again. What piece of the statute, what language in the statute are you picking out? You cited it at the very beginning before I pulled the statute up. It's the very last line, shall also bar an action against the principle or surety under the bond, quote, unless the terms of the bond provide otherwise, end quote. Does the bond say anything about this? The bond itself does not say this. That's why I'm interpreting this tolling agreement as a modification of the bond because the tolling agreement is inherently in conflict with the bond. The tolling agreement obviously is inherently in conflict with 359.5. Wait a minute. I'm a little slow from being from out of town. So am I. I'm from San Luis Obispo, so I'm doubly slow. The actual statute says, which I thank the judge for getting that clarification because as I understood the statute, it says, da, da, da, unless the terms of the bond provide otherwise. You started out as if it says something else. Now, explain to me again, if you would, how you think what you think it means comes within unless the terms of the bond provide otherwise. Certainly. We have a bond that says if the principle defaults, we're going to pay you whatever the principle owed. In this case, it's $305,000. Right. The bond is very clear about that. The bond says nothing about you must bring this action within a particular amount of time. That's defined by law. In this case, CCP 337. And the law refers to the terms of the bond. Correct. But by executing the tolling agreement, they have essentially modified the terms of the bond by saying we are not going to rely on any sort of limitation of actions defense if you move to enforce this bond. Well, the signatory to the tolling agreement were not the same parties as the signatories to the bond. I mean, notably, the kings are absent, and they are signatories to the bond. So I'm not sure how the bond itself could be deemed modified by an agreement by a couple other people. It's either modified or the argument would also be that, therefore, IFIC would be stopped from raising this claim by executing the tolling agreement and then two years later raising a statute of limitations defense. What is your understanding as to what the tolling agreement was supposed to mean or accomplish? The tolling agreement was to create a status quo between my client and the bonding company in order to explore potential settlement. What was the impact on the kings? The impact on the case of the tolling agreement? Well, I mean, the premise of the statute, the statute appears intended to protect the kings in this case. The tolling agreement doesn't include them as parties. So what happens? I mean, if the reason that the kings needed protection is under the law, otherwise the kings were at risk of being pursued by the bonding company if the surety had to pay out. You're telling me the surety might still have to pay out because the tolling agreement extended the period of time during which the surety could be liable. Under the law, that would seem to suggest the kings are also still at risk, and that's what the statute was aimed at preventing. I see your point, and here's my response. IFIC chose to enter into a tolling agreement, irrespective of whatever rights it had or did not have against the kings by either some sort of equitable subrogation or, in this case, contractual indemnity. IFIC made that decision knowing, presumably, if they were aware of this statute, that they were going to waive this particular defense. It inured to the benefit of IFIC at the time, and also to my client, because litigation was not pursued. So you're telling us, in effect, the tolling agreement should be read with an additional clause, by the way, the kings are off the hook, but the surety still is liable for this extended period of time. That's the decision that IFIC made in entering into the tolling agreement. It could have said, we will not enter into this tolling agreement unless the kings enter into a similar one, or conversely, we will not enter into a tolling agreement whatsoever. You must pursue action not only against us at this time, but also against the kings. If their lawyer had read this statute at that time, wouldn't you advise them to do that? If the IFIC's lawyer had read the statute, had they brought it to my attention, we wouldn't be sitting here today on this particular case, I guarantee you that. This statute's been on the books, if I understand it, for some number of years. 1982. And surely this is not the first surety case that's ever come up in the state of California. Do you have any precedent for your position? Under this particular statute, no. To my knowledge, there's been one or two cases citing this. Actually, there's been one, the Seaboard surety case, which came down. That's the only case that's ever brought this particular statute up, and obviously that case did not involve a tolling agreement, and that's what makes this different. We relied on IFIC saying, we are going to waive any statute of limitations defense upon 30 days' notice. Thirty days' notice never occurred in this case. Two years later, we get the summary judgment. If they chose not to pursue the kings, or they were aware of this statute and made a conscious decision to enter into the tolling agreement, I don't know. I suspect they were ignorant of this particular statute, and that's why they entered into this tolling agreement. That does not change the fact that it was binding on IFIC and my clients. Do you want to take up the attorney's fees? The court didn't tell us why it denied attorney's fees. I would like to think the court accepted my argument on the reciprocity issue under 1717. If it did, I think they have to show abuse of discretion. Handedly, we don't know, and I'll submit it on that basis. Do you want to reserve the rest of your time? No. Yes, I will. All right. Thank you. Good morning, Your Honors. May it please the court. Ali Salamirod on behalf of IFIC. Your Honors, Judge Pregerson considered the arguments raised by the water company in this appeal and rejected them all. We submit that Judge Pregerson got it right. Just by way of context, I think it's important to note that this defense was raised initially by the kings, for exactly the reason Your Honor mentioned. The kings argued that the statute of limitations as to them would be meaningless if it could expire as to the water company's rights against the kings, but not as against the surety, and then the surety could then seek indemnity from the kings. Well, what was the point of the tolling agreement? If I understand correctly, it was signed on the last day or the day before the last day. I forget that. But it now appears to be meaningless. Your Honor, the tolling agreement served its exact purpose, the intended purpose. And what was that? To allow the water company to sue IFIC after the expiration of four years. But you're telling us that it didn't because, in fact, you're arguing the statute prevents the tolling agreement from having an effect because the kings being protected by this statute prevents the tolling agreement from extending the limitations period. I mean, if the limitations period were extended, what's the basis for the summary judgment? The limitations period as against IFIC was, in fact, extended. The water company sued IFIC. IFIC did not argue that the four-year statute of limitations had expired. IFIC argued in its motion for summary judgment that Judge Pregerson made a determination that the kings were right, that 359.5 barred an action against the surety. If, in fact, the action against the surety was barred, then Judge Pregerson ruled that the kings couldn't be liable to IFIC. That was the basis of the first motion for summary judgment. We then filed our motion for summary judgment simply asking Judge Pregerson to apply the law of the case, a determination that 359.5 barred an action against IFIC. Well, I come back to my question then. Is it the case under the district court's interpretation that the tolling agreement was meaningless? With respect to the question that was presented and answered, I believe it was, yes, Your Honor. Well, what context could it possibly have been meaningful? It didn't bar the action at the outset, Your Honor. It did the next day, though, because the limitations period expired, right? And so as the district court applied the statute, the tolling agreement had no effect on extending the limitations period, permitting the water company to sue the surety. We'd submit that it did, in fact, affect the four years to sue the surety. How? The problem in this case, Your Honor, is that there was no tolling agreement obtained from the kings. Well, did the parties to the tolling agreement skip a signature line? They were aware the kings were not parties to that agreement. I can't speak to the parties. Is there a signature line for the kings on the agreement? There is not. So it's not like there's a missing signature. The parties to the tolling agreement knew it was between the surety and the water company. No other parties to the tolling agreement. That's correct. And you're telling me that's ineffective, as the district court held, and yet was still meaningful. And I don't understand that. What was the point of this agreement? It seems to me the point of the agreement had to be what the water companies just argued, which is to keep the door open for a lawsuit by the water company against the surety beyond the four years. And you started out by telling me, yeah, that was the point. Only it didn't work that way because the district court decided because the kings were still there and were not parties to the agreement, the tolling agreement was ineffective. Is that your understanding? That is, Your Honor, and I would submit also. Then why shouldn't the tolling agreement be interpreted, as I suggested before, with an extra phrase, by the way, the kings are off the hook? Because a tolling agreement is sought by a claimant who knows the time is expiring. Whether or not the water company should have added additional language into the tolling agreement, that's on the water company. I think that's what Judge Breyer said. Did your client think that was the case? What did your client think? I can't speak to what my client was thinking. Did they know they were signing an agreement that was ineffective and that by signing this agreement they were going to succeed in duping the water company not filing suit that day? Your Honor, I'm not sure, and certainly there's no evidence in the record that my client knew or did not know. That question wasn't asked of him at his deposition, and I don't know what they were thinking at that time, not being a part of that. Well, do you think, is it illogical to infer that they thought they actually were extending the statute of limitations period against themselves? You just started your presentation by saying that's what you thought it was intended to accomplish. I believe that the expectation was that the statute of limitations as against IFIC would be extended beyond the four-year limitations period. Why shouldn't we enforce that expectation? That's not the question presented before the Court. Really? It seems to me it is. The issue is, Your Honor, respectfully, whether or not the failure to obtain a tolling agreement as against the King's was fatal to the water company's case. Why would it be fatal? Because of the statute? Yes, Your Honor, because the time- Why didn't you waive, why isn't your signature on that agreement, as the judge has pointed out, why doesn't that constitute a waiver of any rights under that statute? Absent the statute, you're clearly liable, isn't that right? Absent the statute. Absent the statute. There would be no timing defense that's correct. Why didn't your agreement with the water company, in effect, waive any claims you had under the statute? Because, as pointed out, if the statute was in effect, then the whole agreement was invalid. Surely you did not intend that, so you must have intended to waive any claims under the statute. Why doesn't that work? It's a protection afforded to the King's, Your Honor. The intent of the statute is to protect the individual or the company who has an indemnity obligation and allow them to feel comfortable that upon the passage of time- And if this was a suit against the King's, they might be able to make that case, but the King's aren't in this litigation, are they? They were, Your Honor. But they're not now. No, that was the first motion for summary judgment eliminated the indemnity claim against the King's. So they're out of it. They are currently out of it, correct. Now the only question is between you and the water company. That is correct, Your Honor. And I would note that Judge Pregerson thought it was relevant that on that initial motion for summary judgment, where this question was really litigated, the water company didn't oppose the motion for summary judgment. The water company didn't file any brief relating to the King's motion for summary judgment. The water company didn't attend the hearing on that motion for summary judgment. That then became the law of the case as we presented it to Judge Pregerson. The decision had been made. The only issues raised by the water company after that was whether or not they were notified, whether or not there was an affirmative defense set forth in the answer that would notify them of this potential. Judge Pregerson ruled that under the 11th affirmative defense, IFIC made it clear that the liability of the King's would be relevant to the questions presented in the case. The second issue they raised was this issue of the tolling agreement. And the argument was, as presented before this court, that the tolling agreement, all it said was everybody reserves their rights, defenses, claims, remedies. What we're doing is saying we're not going to argue that by failing to file suit within four years, you are not allowed to sue IFIC. That's exactly what happened. The tolling agreement served its purpose. The King's raised a defense. The judge agreed with the King's. There's no way for the judge to have agreed with the King's and not granted the motion for summary judgment in favor of IFIC. It would have been inconsistent. Sure there is. Why couldn't the judge say, looking at this agreement, which doesn't include the King's, this agreement between the water company and the surety, I'm going to treat that as being meant to accomplish something, and what it accomplished was to permit the water company to sue the surety beyond the four-year period, or as you articulated, to extend the limitations period against the surety. It doesn't affect anybody's rights against the King's. They're off the hook. But it does mean that these two parties could continue to try to find a resolution. Why couldn't the district court have said that? Your Honor, I think that it's because the only reason the King's were off the hook is because Judge Pregerson decided that IFIC was off the hook. That was the foundation of the order granting the King's motion for summary judgment. Because IFIC was not liable to the water company, the King's were not liable to IFIC. These issues were not raised at that motion. The motion filed by IFIC simply asked the court to adopt that rule and apply it to IFIC, meaning the rule stating, or the decision of the court, that IFIC could not be liable to the water company under 359.5. The water company is not appealing the release of the King. I don't mean the water company. The surety is not appealing the release of the King's by the trial judge. Is that correct? That is correct, Your Honor. You could have. If we believed that the court made a mistake and that there was an appealable issue, certainly IFIC could have. But the court applied the statute, the plain meaning, which is spot on to the facts of this case, and granted the King's the remedy that they sought. Certainly IFIC could have appealed that. That's correct, Your Honor. I'm not sure on what grounds or basis that appeal would be presented in good faith. Let me change the question I asked before, which is what the parties intended by the tolling agreement. To ask, in your view, as the dust has settled and the district court has ruled, what was the effect of the tolling agreement? Did it have any effect? When the water company decided not to either sue the King's or obtain an agreement from them, I think the case ended then and there. So you accept my premise that the tolling agreement was a nullity, was illusory, didn't actually accomplish anything? Maybe it didn't. What they did is they sued beyond the four years. It's being signed on the last day, and the King's aren't parties to it, and nobody is asking the King's to join into anything. So it has to be understood at that time, King's are not parties to this agreement. What the parties to the agreement signed said what it said, and it's my understanding that you're now acknowledging the effect of that was zero, that, in fact, although it appeared to extend the limitations period against the surety, it did not accomplish that effect because the King's were not signatories. Your Honor, I would submit that when we filed an answer to the complaint and in that answer immediately notified the water company that the liability of the King's would impact the liability of IFIC, that it did, in fact, serve its purpose. It allowed them to sue. They didn't get a motion to dismiss based on the untimely filing of the lawsuit. We immediately raised the affirmative defense that the King's liability, if in fact there was a limitation on the King's liability, that that could impact IFIC's liability to the water company. Counsel, let me ask it a different way. It seems to me that what you're saying is that for the water company to have a successful lawsuit against your client, it needed two things. It needed a totaling agreement with your client, and it needed a totaling agreement with the King's. It got one of those but not the other. Correct? I'd suggest that's common practice, yes, principle and surety. And so if they had gotten the totaling agreement with the King's, then the totaling agreement with your client and the water company would be very relevant. To the extent that 359.5 just wouldn't apply to the case. Right. Had they obtained a toling agreement or simply sued the King's, we wouldn't be within the confines of 359.5. So the toling agreement was the right thing to do between these two parties in court today. The problem for the water company is there was another step they should have taken that they didn't, and that was either filing a suit against the King's or having a toling agreement with the King's. That's our position, Your Honor. That's correct. Your Honors, with respect to IFIC's appeal on the denial of the motion for attorney's fees, we certainly respect that the district court could use its discretion to limit in some way the amount of attorney's fees that would be awarded to IFIC. We're not certain that under California law the district court could have denied the motion in the manner that it did, without any legal basis presented to the parties so that we could discuss them with this court. So we'd ask that the denial of the motion for attorney's fee be reversed and the case be remanded to Judge Pragerson so that IFIC can present its application for attorney's fees. Thank you very much. Thank you, Counsel. Rebuttal? Counsel, just so that I can be clear on this, why did the water company want the toling agreement? We were coming up on the four-year statute. We were still discussing with IFIC ways to potentially resolve the claim. The hang-up was an assertion by IFIC that they were subrogated to our rights to collect $5,000 per lot every time a lot was sold. We didn't agree with that position, but there did not appear to be a fundamental disagreement that the principal amount owed under the bond was owed by IFIC due to the default of the Kings. So for that reason, we wanted to toll the statute to continue to discuss settlement with IFIC to try and avoid what has now become a rather costly piece of litigation. And IFIC, I take it, thought that was a good idea at the time? Correct. Otherwise, they would not have signed the toling agreement. They would have said, nope, sue us. Okay. The two points I'd like to make in rebuttal to what was raised. There was a question of the court, what was Mr. Silberstein's intent when he signed this agreement? What did he know? His deposition was taken in this case. Unfortunately, we did not explore those issues at his deposition because this defense had never formally been raised. I would have loved to have asked Mr. Silberstein, on October 7th, 2011, when you signed this toling agreement, on October 8th, you're telling me now it's null and void? I would have loved to have explored the thinking of IFIC and the reasons for entering into this toling agreement because from what I'm hearing from counsel for IFIC, they signed it on the 7th and it was in effect a nullity on October 8th. Those are the only points I'd like to raise in rebuttal. Well, but you had the opportunity to ask those questions and you didn't. Because 359.5 had never been raised. There was never an issue raised about the toling agreement. The issues that were being litigated were the subrogation issues and the issues between IFIC and the Kings. At no time was there ever even a hint by IFIC that, oh, this toling agreement we signed several years ago, it's not enforceable. That was never raised at any time prior to the filing of IFIC's motion for adjournment. It didn't come up in the context of the subrogation arguments? It did not. It did not. It was always, we know we owe you the money, but why don't you try and get it back from the homeowners each time you sell a lot? Our position was, why do we have a bond? The whole point of the bond is the King's default. My clients get paid what they were owed back in 2003. Well, so I think we can take as a given that your client wasn't aware of the statute, and it's probably pretty likely the surety wasn't aware of the statute. Maybe the King's attorney was on top of things eventually. But the statute's there. And even if it doesn't get cited very much, it is there, and aren't people presumed to know the law? Even if we knew the law, the interpretation of the toling agreement, if you read it, it's any statute of limitations applicable to any action shall be told. That's what the toling agreement says. I paraphrased it somewhat. So even if all the parties were aware of this particular statute, the toling agreement runs 180 degrees contrary to that. So can the parties enter into a contract, in this case the toling agreement, that's contrary to law? Anybody can waive a statute of limitations defense. Anybody can enter into a toling agreement at any time. This is not against public policy. Well, but in a sense it is. I mean, I'd clearly be with you if the toling agreement added my extra phrase. By the way, the King's are off the hook. But the statute is there to protect the King's. And a toling agreement that doesn't speak to them without the statute would leave them at risk of being the subject of a claim later by the surety, once the surety had to pay out, because that claim really doesn't ripen until the surety has to pay out. So the statute is stuck in there for reasons I can understand to protect parties like the King's. Well, in protecting the parties like the King's, as far as the district court was concerned, it protected the surety too. And this could have been avoided if the toling agreement spoke to it, but it didn't. So you can tell me the toling agreement isn't against public policy. But unless you add that extra phrase I've proposed to the toling agreement, it's easy to figure out why this case came out the way that it did. Why should we read the extra phrase into the toling agreement that the parties themselves didn't put there? We're dealing with a bonding company. We're dealing with general counsel for the bonding company who signed the toling agreement. They are sophisticated. Presumably they know the law. They know their rights, duties, and obligations as a surety company. Presumably they knew of this statute. They didn't raise it in the toling agreement. They did not carve out any exceptions whatsoever. The parties are going to be bound by this contract. It certainly at this juncture doesn't benefit IFIC, but that's the agreement they signed. That's the agreement we relied on for years. I take it your basic argument is that the statute is designed to protect the King's in this context, but not a surety with all its sophisticated lawyers who obviously know every statute. We can presume they do. However, in addition to that, it is a binding agreement that governed this case for three, four years. Thank you very much, counsel, for your argument. Thank you. This case has been submitted now, and we'll move on to the next matter.
judges: Clifton, Owens, Plager